IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40199
Summary Calendar
_____

JERRY MACK DORROUGH,

Petitioner-Appellant,

versus

MICHAEL GAINES, Commissioner, U.S. Parole Commission of
the U.S. Department of Justice; LILLIE BOGAN, Director,
Child Support Enforcement Program, Florida Department
of Revenue; UNIDENTIFIED PRIVATE INVESTIGATOR, and all
other persons acting as agents on behalf of Lillie Bogan,
Child Support Enforcement Program,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-589
--------------------
August 23, 2002
Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerry Mack Dorrough ("Dorrough") appeals the district
court's dismissal of his petition for a writ of habeas corpus
under 28 U.S.C. § 2241.  The district court dismissed the
petition as improvidently filed because it was filed in violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of a sanction order. Dorrough reargues the merits of his petition and argues that this court has erred in rejecting his claims that his 1963 guilty-plea conviction for robbery of a postal employee was invalid. He moves for an order staying a pending parole revocation proceeding and to file a supplemental brief.

Although Dorrough conclusionally asserts that the district court erred in dismissing his petition, he has failed to make any cogent factual or legal argument on that point and, therefore, he has failed to brief the only issue for appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). This appeal is without arguable merit; the pending motions are DENIED and this appeal is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Dorrough is cautioned that should he, or any counsel on his behalf, file any further frivolous pleadings relating to his 1963 conviction, in this court or any court subject to the jurisdiction of this court, he shall be subject to sanctions. To avoid sanctions for any matter that may be pending, Dorrough shall review all pending matters and move to voluntarily dismiss any that are frivolous.

MOTIONS DENIED, APPEAL DISMISSED. SANCTION WARNING ISSUED.